**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK LEE SMITH, *et al.*,

        Plaintiffs,

v.

HEIDI WASHINGTON, *et al*,

        Defendants.
_____/

Case No. 2:18-cv-10736

Honorable Victoria A. Roberts

## **ORDER REVOKING PLAINTIFF SMITH'S LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT**

Derrick Lee Smith, a state inmate, along with George Preston, Kathy Preston, James Preston, Martin Preston, and Rachel Preston ("Plaintiffs"), all of whom are proceeding without the assistance of counsel, filed a civil rights complaint under 42 U.S.C. § 1983. Smith, without the other Plaintiffs, filed an application to proceed *in forma pauperis*, which the Court granted on April 16, 2018. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will now deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Edwards v. Gaul,* 40 F. App'x 970, 971 (6th Cir. 2002) (holding that district court properly dismissed without prejudice a prisoner's civil rights complaint barred by the "three strikes" provision).

Smith has filed more than three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Smith v. Wayne Cnty. Prosecutor's Office, et al.*, No. 2:09-cv-12287 (E.D. Mich. 2009); *Smith v. Ludwick*, 2:09-cv-14936 (E.D. Mich. 2005); *Smith v. Vasbinder*, 2:05-cv-72557 (E.D. Mich. 2005); *Smith v. Sherry*, No. 2:06-cv-00234 (W.D. Mich. 2006); *see also Smith, et al. v. Michigan Dep't of Corr.*, No. 2:12-cv-12788 (E.D. Mich. 2012) (dismissed pursuant to the three-strikes rule of the PLRA).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, 416 F. App'x 561 (6th Cir. Mar. 28, 2011). Smith's complaint raises claims that prison personnel have tampered with the mail. He fails to allege any facts to establish that he is in imminent danger of physical injury. *See, e.g., Harris v. Nink*, No. 2:13-cv-304, 2013 WL 4052872, at *2 (S.D. Ohio Aug. 9, 2013).

Accordingly, upon consideration, the Court hereby revokes its grant of Plaintiff Smith's application for leave to proceed without prepayment of the filing fee and **DENIES** the application. The Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiffs filing a new complaint with payment of the filing fee.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2018