UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, *et al.*,

    Plaintiffs,

v.

HEIDI WASHINGTON, *et al*,

    Defendants.
_____/

Case No. 2:18-cv-10736

Honorable Victoria A. Roberts

**<u>ORDER GRANTING PLAINTIFFS' MOTION TO ALTER OR AMEND (ECF NO. 15), DENYING AS MOOT PLAINTIFFS' MOTION TO REINSTATE THE CASE (ECF NO. 17), AND GRANTING PLAINTIFFS 30 DAYS TO FILE AN AMENDED COMPLAINT</u>**

**I.  Background**

Derrick Lee Smith, a state inmate, along with George Preston, Kathy Preston, James Preston, Martin Preston, and Rachel Preston ("Plaintiffs"), all of whom are proceeding without the assistance of counsel, filed a civil rights complaint under 42 U.S.C. § 1983.  Smith, without the other Plaintiffs, filed an application to proceed *in forma pauperis* ("IFP").  See 28 U.S.C. § 1915(a)(1) (1996).  On June 11, 2018, the Court denied the application to proceed IFP and dismissed the case pursuant to 28 U.S.C. § 1915(g) because Mr. Smith had filed more than three prior civil rights complaints that had been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted.  (ECF No. 13.)

This matter is before the Court for consideration of Plaintiffs' motion to alter or amend the Court's June 11, 2018 order (ECF No. 15) and Plaintiffs' motion to reinstate the case based on having fully paid the filing fee (ECF No. 17). For the reasons stated below, the motion to alter judgment is **GRANTED** and the motion to reinstate case is **DENIED AS MOOT**.

II. **Analysis**

    A. **Motion to Alter or Amend Judgment**

Mr. Smith first asks the Court to alter its judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure for two reasons: 1) he subsequently fully paid the filing fee; and 2) the Court improperly counted habeas corpus dismissals in its analysis. As to Mr. Smith's second argument, although the Court did list habeas corpus cases that had been dismissed, he is still barred by the three-strikes rule of the PLRA. *See Smith, et al. v. Michigan Dep't of Corr.*, No. 2:12-cv-12788 (E.D. Mich. 2012) (dismissing Mr. Smith's case pursuant to the three-strikes rule of the PLRA); *Smith v. Wayne Cnty. Prosecutor's Office, et al.*, No. 2:09-cv-12287 (E.D. Mich. 2009); *Smith v. Ludwick*, No. 2:09-cv-14936 (E.D. Mich. 2005). Thus, his argument is without merit.

As to his first argument however, this Court dismissed the instant matter without prejudice to payment of the entire filing fee in full. As that has now been done (ECF No. 14), the Court will reinstate the case. As such, Mr. Smith's motion is **GRANTED** and the case will be re-opened on the Court's docket. (ECF

No. 15.)  As such, Plaintiff's related motion to reinstate case based on having fully paid the filing fee is **DENIED AS MOOT**.  (ECF No. 17.)

B.	Screening Pursuant to 28 U.S.C. § 1915

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint or any portion of it if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners."  *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Plaintiff prepaid the filing fee for this action, and courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*.  *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999).  *Benson*, however, does not prohibit federal courts from screening a prisoner's fee-paid civil rights complaint

against government officials under §1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001). As the Sixth Circuit explains:

> The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is neither restricted to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation. Section § 1915(e)(2) is applicable throughout the entire litigation process.

*In re Prison Litigation Reform Act*, 105 F.3d at 1134. Federal district courts also "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiffs' complaint does not contain sufficient information to complete a screen. Plaintiffs merely asserts that the current Michigan Department of Corrections mail policy infringes upon Mr. Smith's right to receive mail. Plaintiffs previously requested leave to amend the complaint and the Court

4

grants leave to file an amended complaint **WITHIN 30 DAYS OF THE DATE OF THIS ORDER.**

**IT IS SO ORDERED.**

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2018